# ENTSMINGER *v.* IOWA.

No. 252.  Argued March 15, 1967.—Decided May 8, 1967.

*David W. Belin,* by appointment of the Court, 385 U. S. 804, argued the cause and filed a brief for petitioner.

*Don R. Bennett,* Assistant Attorney General of Iowa, argued the cause for respondent. With him on the brief was *Lawrence F. Scalise,* Attorney General.

Mr. Justice Clark delivered the opinion of the Court.

This case, which was argued following *Anders* v. *California, ante,* p. 738, presents a similar problem in that we are here also concerned with the constitutional requirements which are binding on a State in the administration of its appellate criminal procedures with respect to convicted indigents seeking initial review of their convictions. Petitioner, who was represented at trial by a court-appointed attorney, was convicted of uttering a forged instrument in violation of Iowa law. Shortly after the verdict was rendered, he requested the trial court to appoint different counsel to aid him in the preparation of a motion for new trial. Counsel was appointed, the motion was prepared and filed but the trial court overruled it. Upon petitioner's application, the same attorney was appointed to represent him on appeal; counsel then prepared and filed a timely notice of appeal.

Iowa law provides alternate methods of appealing criminal convictions, the first method being an appeal on a "clerk's transcript" which follows the notice of appeal as a matter of course.[1] Under this procedure, the clerk of the trial court prepares and files a modified transcript of the proceedings below; such transcript contains only the Information or Indictment, the Grand Jury Minutes, the Bailiff's Oath, Statement and Instructions, various orders and judgment entries of the court, but does not contain the transcript of evidence nor the briefs and argument of counsel. This practice is used in the absence of a request on the part of counsel for a plenary review of the case. If such a request is made, the appellant is provided an appeal on a complete record of the trial, including not only those items included in

---

[1] Iowa Code § 793.6 (1962).

the clerk's transcript but in addition thereto, the briefs and argument of counsel.[2]

Petitioner asked his appointed attorney to perfect a plenary appeal and counsel gave notice therefor which, though belatedly filed, was allowed by the Iowa Supreme Court. However, counsel, apparently believing that the appeal was without merit, failed to file the entire record of petitioner's trial although it had been prepared by the State and counsel had advised petitioner that he would file same. It is of note that counsel never moved the court for leave to withdraw from the case. Despite the fact that the Supreme Court had ordered the case submitted on the full record, briefs and arguments of counsel—and the record here fails to reveal any rescission of that order—the court took petitioner's case into consideration on the clerk's transcript alone as it was required to do under Iowa law.[3] The conviction was affirmed by the Supreme Court of Iowa, *State* v. *Entsminger,* 137 N. W. 2d 381 (1965). This was done despite the request of the petitioner a few days before the affirmance of his conviction, that the court issue an order commanding the trial court to "transmit the certified records" to the Supreme Court for its review. We granted certiorari, 384 U. S. 1000.

The Attorney General of Iowa in the utmost candor and with most commendable fairness concedes that petitioner has not received "adequate appellate review" and is entitled to an appeal free of constitutional doubt. We have examined the record carefully and agree that the clerk's transcript procedure as applied here "can hardly be labeled adequate and effective review of the merits of

---

[2] Rules of the Supreme Court, Rule 16, Iowa Code, Vol. II, p. 2716 (1962).

[3] *Id.,* Rule 15.

the proceedings culminating in a conviction."[4] He bases his conclusions in this regard upon the holding of the Iowa Supreme Court in *Weaver* v. *Herrick,* 258 Iowa 796, 140 N. W. 2d 178 (1966), where the court specifically stated:

> "To afford an indigent defendant an adequate appeal from his conviction, the furnishing of a transcript, printed record and necessary briefs is required." At 801–802, 140 N. W. 2d, at 181.

As we have held again and again, an indigent defendant is entitled to the appointment of counsel to assist him on his first appeal, *Douglas* v. *California,* 372 U. S. 353 (1963), and appointed counsel must function in the active role of an advocate, as opposed to that of *amicus curiae,* *Ellis* v. *United States,* 356 U. S. 674 (1958). In *Griffin* v. *Illinois,* 351 U. S. 12 (1956), the Court held that a State that provided transcripts on appeal only to those who could afford them was constitutionally required to provide a "means of affording adequate and effective appellate review to indigent defendants." At 20. Again in *Burns* v. *Ohio,* 360 U. S. 252 (1959), the Court, in reaffirming the *Griffin* rule, held that "once the State chooses to establish appellate review in criminal cases, it may not foreclose indigents from access to any phase of that procedure because of their poverty." At 257. In *Smith* v. *Bennett,* 365 U. S. 708 (1961), the Court, once again considering the question, held that such principles are not limited to direct appeals but are also applicable to post-conviction proceedings.

---

[4] Indeed the Attorney General has moved the Supreme Court of Iowa to change its rule with respect to the clerk's transcript system and his suggested changes and the responsibility of appointed counsel thereunder are now under advisement. We do not pass on the validity of the suggested procedure.

In that case the Court held that "the Fourteenth Amendment weighs the interests of rich and poor criminals in equal scale, and its hand extends as far to each." At 714. Here there is no question but that petitioner was precluded from obtaining a complete and effective appellate review of his conviction by the operation of the clerk's transcript procedure as embodied in Iowa law. Such procedure automatically deprived him of a full record, briefs, and arguments on the bare election of his appointed counsel, without providing any notice to him or to the reviewing court that he had chosen not to file the complete record in the case. By such action "all hope of any [adequate and effective] appeal at all," *Lane* v. *Brown,* 372 U. S. 477, 485 (1963), was taken from the petitioner.

Since petitioner admittedly has not received the benefit of a first appeal with a full printed abstract of the record, briefs, and oral argument, as was his right under Iowa law, we do not reach the merits of his conviction here. We have discussed at some length the responsibility of both the appellate court and appointed counsel representing indigents on appeal in *Anders* v. *California, supra,* decided this day, and we need not repeat such here. The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*

Mr. Justice Stewart, with whom Mr. Justice Black and Mr. Justice Harlan join, concurs in the judgment and in the Court's opinion, except as it refers to *Anders* v. *California,* a case which he thinks involves quite different issues.