Joseph T. SERVEY, Petitioner,

v.

Harry E. RUSSELL, as Superintendent of the State Correctional Institution at Huntingdon, Pennsylvania, Respondent.

No. 1078.

United States District Court
M. D. Pennsylvania.

Sept. 9, 1969.

Campana & Campana, Williamsport, Pa., for petitioner.

Allen E. Ertel, Dist. Atty. for Lycoming County, Williamsport, Pa., for respondent.

## OPINION

FOLLMER, District Judge.

Joseph T. Servey, an inmate at the State Correctional Institution, Huntingdon, Pennsylvania, submitted to this court a petition for writ of habeas corpus in forma pauperis. Leave to proceed in forma pauperis was granted by the court and a Rule to Show Cause issued. Answers were filed by Harry E. Russell, Superintendent, State Correctional Institution, Huntingdon, Pennsylvania, and by the District Attorney of Lycoming County, Pennsylvania. Upon Order of the court, briefs were submitted by petitioner, his counsel and the aforementioned District Attorney. Subsequently, the Clerk of Courts of Lycoming County forwarded to this court the record and documents in Commonwealth v. Servey, Court of Oyer and Terminer, Lycoming County, No. 3 November Term, 1966. This court was also furnished with a complete copy of the testimony given at petitioner's Post Conviction hearing on July 24 and 25, 1967, as well as the opinion filed by the Honorable Charles F. Greevy, President Judge.

The following facts are disclosed by the record. Petitioner was arrested and subsequently indicted for the crimes of murder, armed robbery and larceny.

The incident which gave rise to these charges was the robbery of the Greystone Garage in Williamsport, Pennsylvania, on October 9, 1966, during which the attendant was shot twice and killed and $700.00 was stolen. Petitioner pleaded not guilty and a jury trial ensued in·February 1967. On the fourth day of the trial while the Commonwealth was still presenting its evidence, petitioner's attorneys requested and were granted a recess. During the recess they met with petitioner in the Lawyers' Conference Room in the Lycoming County Courthouse. After the recess the prosecution called to the stand Leslie Caputo, the half brother of relator. Petitioner's attorneys requested from the District Attorney an offer of proof. Relator's attorneys were informed that Caputo would testify that defendant, six days before the events at the Greystone Garage, showed him the murder weapon and told him that he intended to rob the Greystone Garage leaving no witnesses. At this point petitioner's attorneys again requested and were granted a recess and they again took petitioner to the Lawyers' Conference Room. Present at this meeting with relator were Sidney A. Simon, Esquire, and James F. Cendoman, Esquire, his attorneys; his mother, Frances Caputo; his stepfather, Dominic Caputo; his aunt, Mary Miele; his then pregnant wife, Carol; and his minister, the Rev. Charles H. Manning. After this recess petitioner sought leave of the court to change his plea to guilty. This was granted. Thereafter the court received testimony and after a finding of murder in the first degree sentenced the petitioner to life imprisonment. Subsequently, relator filed a petition for relief under the Pennsylvania Post Conviction Hearing Act alleging *inter alia* that his guilty plea had been coerced. An evidentiary hearing was held and relief denied. An appeal was taken to the Pennsylvania Supreme Court which affirmed the Order of the lower court on July 25, 1969. Commonwealth v. Servey, 434 Pa. 433, 256 A.2d 469 (1969). State remedies have therefore been exhausted on the issue of whether or not the guilty plea of petitioner was the result of coercion.

■ Since petitioner had the opportunity to comprehensively set forth·his evidence in support of his contentions at the Post Conviction hearing in July of 1967, there is no necessity for an additional evidentiary hearing. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); United States ex rel. Darrah v. Brierley, 290 F.Supp. 960 (E.D.Pa.1968); United States ex rel. Cottrell v. Rundle, 299 F.Supp. 1028 (E.D.Pa.1969).

Petitioner has presented three questions to this court:

(1) Was the plea of guilty coerced?

(2) Was petitioner's constitutional right under the Sixth Amendment infringed by the refusal of the Pennsylvania Supreme Court to permit oral argument?

(3) Did the actions of the court-appointed attorneys in persuading him to plead guilty amount to a denial of his right to be represented by effective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to· the United States Constitution?

The first allegation raised in relator's petition is that his plea of guilty was coerced. To substantiate this claim factually, petitioner in his brief, concentrates on the second meeting during the trial recess in the Lawyers' Conference Room of the Lycoming County Courthouse. Referring to this meeting relator's attorney states in his brief (p. 6) that the plea "came about as a result of a justifiable fear of the electric chair, of the psychological pressures placed upon him and finally of a ray of hope extended to him by his attorney, Mr. Simon, who reminded him 'Dead men can't appeal, and a live man can.'"

■ This court has carefully examined the transcript of testimony presented at relator's Post Conviction hearing and is unable to conclude that the

factual determination made by the State court on this issue is not fairly supported by the record. 28 U.S.C. § 2254 as amended in 1966 provides in part that:

> (d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, * *

Petitioner has not pleaded any facts that would bring him under one of the seven exceptions to the above stated statute and, pursuant to 28 U.S.C. § 2254 (d) (8), as stated previously, I believe that the record supports the State factual determination.

It might be noted that petitioner upon examination by the court at the Post Conviction hearing admitted that his decision to change his plea from not guilty to guilty was in the final analysis his alone and that he was not forced to do so. (Post Conviction Hearing Transcript p. 69. See also p. 77).

The second contention of petitioner is that the refusal by the Pennsylvania Supreme Court to allow oral argument on his appeal from the denial of relief under the Pennsylvania Post Conviction Hearing Act was an infringement of his constitutional right to the effective assistance of counsel under the Sixth and Fourteenth Amendments to the Constitution.

Relator argues that under present appellate practice, on direct appeal, a State defendant has the absolute right to oral argument. He cites Rule No. 39 of the Pennsylvania Supreme Court Rules as authority for the proposition that such an absolute right exists on direct appeal. Rule No. 39 provides:

> Appellant shall have the opening and concluding argument, except that in cross-appeals from the same order, judgment or decree, plaintiff or petitioner in the court below shall have the opening and conclusion. Where two or more appeals, not being cross-appeals, are heard together, each appellant shall open the argument on his appeal, each appellee shall reply thereto, and not more than two appellants will be heard in conclusion.

Petitioner argues that equal protection demands that an appellant appealing from an order, judgment or decree denying relief in a collateral attack upon a conviction should have the same rights as an appellant on direct appeal from a conviction.

Petitioner cites this court to no case, or is this court aware of any case that holds that an appellant attacking a conviction directly has an absolute right to orally argue his cause before the Supreme Court of Pennsylvania. The rule (39) relied on appears to be nothing more than a rule of procedure governing oral argument when such is ordered. Nothing in the language of the rule indicates that it applies only to direct appeals from convictions as opposed to an appeal from a collateral proceeding such as a Post Conviction hearing. Rather the rule on its face appears to us to do nothing more than regulate the orderly presentation of oral arguments before the court.

In Entsminger v. Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501 (1967), relied upon by petitioner, Iowa law provided for alternate methods of appealing criminal convictions. The first method provided under the Iowa statute was an appeal on a "clerk's transcript." Under the procedure of this appeal, the Clerk of the trial court would provide a modified record of the trial transcript to the appellate court. The alternate method if requested by counsel provided for a plenary review of the case wherein the appellate court would get a complete record as well as the benefit of written briefs and oral argument. It might be

noted that contrary to petitioner's assertion the choice of alternative methods of appeal depended on counsel, not whether it was an appeal from a Post Conviction hearing as opposed to a direct appeal. In *Entsminger*, the appointed counsel refused to request a plenary review of the case although the record was clear that the defendant therein wanted such a review. The Supreme Court because of the discretion that the Iowa statute vested in counsel and because of the unequal treatment afforded defendants as a result of alternative appellate procedure held that "there is no question but that petitioner was precluded from obtaining a complete and effective appellate review of his conviction by the operation of the clerk's transcript procedure as embodied in Iowa law." 386 U.S. 748, 752, 87 S.Ct. 1402, 1404 (1967).

Petitioner has not in the instant case demonstrated a situation similar to that in *Entsminger*. It appears that oral argument is under Pennsylvania procedure a discretionary right. While this court agrees with petitioner that oral argument is often valuable and serves to crystallize the issues, it has not been demonstrated that under Pennsylvania procedure appellants on direct appeal are afforded greater rights than those appealing from collateral proceedings.

Finally, petitioner alleges that the actions of his court-appointed attorneys in persuading him to plead guilty denied him the effective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution.

Petitioner at no time raised this issue for determination in the State court proceedings. Under 28 U.S.C. § 2254, this court as a rule of comity, as opposed to jurisdiction, can refuse to entertain an application for a writ of habeas corpus until the applicant has exhausted the remedies available in the courts of the State. We believe that the peculiar facts presented in this case

call for a dismissal on this issue until such time as petitioner has exhausted his State remedies.

Accordingly, the petition of Joseph T. Servey for writ of habeas corpus will be dismissed.

It is the opinion of the court that there is no probable cause for an appeal.