OPINION
{¶ 1} After a bench trial, Appellant, Angela Newland, was found guilty of two charges of violating a civil protection order (CPO) and one charge of aggravated menacing. Newland was sentenced to 180 days in jail on each violation of the CPO and 90 days on the menacing charge. All sentences were suspended, and Newland was placed on supervised probation for up to one year, with the condition that she have no contact with the complainant.
 {¶ 2} Newland then filed a timely appeal. However, appointed counsel filed an Anders brief, stating that he could find no meritorious issues for appellate review. See Anders v. California (1967), 386 U.S. 748,87 S.Ct. 1402, 18 L.Ed.2d 501. We subsequently notified Newland that anAnders brief had been filed, and gave her sixty days to file a pro se
brief. Since Newland has not filed an additional brief, the matter is ready for decision.
 I {¶ 3} Newland's appellate counsel did list two potential assignments of error, but concluded that they have no merit. In the first assignment of error, counsel claims that the finding of guilt was against the manifest weight of the evidence. After reviewing the record, we find no arguable merit to this assignment of error. The State presented three witnesses who testified about violations of the CPO. Although two witnesses were potentially biased (Newland's estranged husband, Carl, and his alleged girlfriend, Robin Taylor, who was the complainant), the State also submitted testimony from a police officer. According to the officer, Angela Newland had contacted him on the date of the first alleged violation of the CPO to report domestic violence. While the officer was investigating this complaint (which was against Carl), Newland told him that she had contact that day with Taylor. In fact, the gist of the domestic violence charge was that Carl had grabbed Newland and dragged her to her car while she was talking to his girlfriend. This testimony supports the evidence from the other State witnesses, and also contradicts Newland's own account. Specifically, at trial, Newland denied having contact with Taylor at the time in question. In this regard, we note that credibility determinations are best made by the trial court, which has the best opportunity to observe the demeanor of witnesses. See, e.g, Davis v. Flickinger, 77 Ohio St.3d 415, 418, 1997-Ohio-260.
 {¶ 4} Accordingly, we find no arguable merit in the first potential assignment of error, and it is overruled.
 II {¶ 5} The second claimed assignment of error raises the possibility that the conviction and sentence on the aggravated menacing charge should have been merged with the CPO conviction. Counsel admits that this point was not mentioned in the trial court. Additionally, counsel feels the argument is without merit since the trial court suspended the sentences.
 {¶ 6} Because Newland failed to object to the sentence at the trial level, she has waived any error. State v. Comen (1990),50 Ohio St.3d 206, 211. However, even if we considered the point under the doctrine of plain error, the assignment of error does not have merit. In deciding if crimes are allied offenses of similar import, the first step is to compare the elements of the two crimes. "`If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step.'" State v. Jones, 78 Ohio St.3d 12, 13, 1997-Ohio-38.
 {¶ 7} As we mentioned, Newland was convicted of aggravated menacing and of violating a CPO. The aggravated menacing statute provides that "[n]o person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family." R.C. 2903.21(A). Similarly, the civil protection order statute says that "[n]o person shall recklessly violate the terms of any of the following * * * [a] protection order issued pursuant to section 2903.213 or 2903.214 of the Revised Code." R.C.2919.27(A).
 {¶ 8} In our opinion, commission of aggravated menacing would necessarily result in commission of a CPO violation. The CPO in this case prohibits the defendant from being within 500 yards of Robin Taylor, and also prohibits abuse, harassment, and contact in person or through another person. If Newland knowingly caused Taylor to fear physical harm, that conduct would also establish a reckless violation of the CPO. R.C. 2901.22(E). Consequently, we proceed to the second step of the analysis for allied offenses of similar import.
 {¶ 9} In the second step, we review the conduct to see if the defendant can be convicted of both offenses. Jones, 78 Ohio St.3d at 14. If we find "`either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.'" Id.
 {¶ 10} As we mentioned, the present case involves two CPO violations and one menacing charge, which arose from incidents on September 6 and 29, 2001. On September 6, 2001, the complainant, Robin Taylor, and Newland's husband, Carl, were in Carl's car at a drive-thru carry-out. At that time, Newland walked up to the car and confronted them. After an attendant told Newland to leave, Newland followed Carl and Taylor to Taylor's mother's house. When Taylor got out of the car, Newland ran toward Taylor as if she were going to attack her. Based on prior incidents, Taylor feared for her physical safety and thought she would get in another altercation where she would end up in the hospital. However, Carl Newland intervened and prevented a physical attack. As we noted earlier, this incident was the basis of a domestic violence charge that Newland filed against Carl.
 {¶ 11} Subsequently, on September 29, 2001, Taylor noticed a white van following her. Taylor's attention was drawn to the van because she recognized the license plate as one that had followed her before. She also saw Newland driving the van. As a result, Taylor drove around West Town Shopping Center, to make sure that she was being followed. The van followed Taylor around West Town and then also followed Taylor to her mother's house. When Taylor got out of the car, the van slowed, and Newland yelled out the window, "I'm going to get you bitch! Bitch, I'm a [sic] get you!" The van was within 500 feet of Taylor. Taylor believed that Newland meant she was, in fact, going to harm Taylor or "stomp" her.
 {¶ 12} Based on the facts, Newland violated the CPO on two occasions on September 6, and at least once on September 29. On both dates, Newland committed separate acts that could constitute aggravated menacing. As we have said previously, "[t]he crime of aggravated menacing is triggered by a threat which intimidates or causes fear or apprehension by the recipient. * * *[I]t is not an element of the offense that the offender intends to carry out his threat or that he is even able to carry it out." Dayton v. Dunnigan (1995), 103 Ohio App.3d 67, 71 (citations omitted). Given Newland's actions on the above dates, she could have been charged with five or more offenses. However, she was charged with only three. Under the circumstances, Newland was properly convicted of both aggravated menacing and violating the CPO. Consequently, we find no merit in the claim that the charges should have been merged. The trial court was understandably disturbed by Newland's indifference to and disregard of a prior court order. Nonetheless, the court did suspend the sentences on all charges, contingent on Newland's compliance with the order not to have contact with Taylor.
 {¶ 13} In light of the preceding discussion, the second suggested assignment of error has no arguable merit and is overruled. As required, we have also conducted an independent review of the record and find no colorable assignments of error. State v. Brooks (Sept. 18, 1998), Montgomery App. No. 17006, 1998 WL 636980, *1. Accordingly, the trial court judgment is affirmed.
WOLFF, P.J., and FAIN, J., concur.