**Michael S. LEMELLE, Petitioner–Appellant,**

v.

**Cheryl PLILER, Respondent–Appellee.**

No. 05–17095.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2006.

Filed Dec. 22, 2006.

Donald Lawrence Lipmanson, Esq., Ukiah, CA, for Petitioner–Appellant.

Mary J. Graves, Office of the California Attorney General, Department of Justice, Juliet B. Haley, Esq., Sacramento, CA, [DAG] Gregory A. Ott, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: NOONAN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM *

California state prisoner Michael S. Lemelle ("Lemelle") appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition, arguing that the state trial court's denial of both his motion to substitute counsel and his attorney's subsequent motion to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

withdraw violated his Sixth Amendment right to counsel. We have jurisdiction under 28 U.S.C. § 2253 and affirm.

Although the Sixth Amendment entitles a defendant to counsel who "function[s] in the active role of an advocate," *Entsminger v. Iowa,* 386 U.S. 748, 751, 87 S.Ct. 1402, 18 L.Ed.2d 501 (1967), it does not encompass the right to a "meaningful attorney-client relationship," *Morris v. Slappy,* 461 U.S. 1, 13–14, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). "[N]ot every conflict or disagreement between the defendant and counsel implicates Sixth Amendment rights." *See Schell v. Witek,* 218 F.3d 1017, 1027 (9th Cir.2000) (en banc). The Sixth Amendment is violated only where the conflict between counsel and client "was so great that it resulted in a total lack of communication preventing an adequate defense." *Id.* at 1024–25 (internal quotation marks omitted).

Not every difference over trial strategy creates an irreconcilable conflict. *See id.* at 1026 & n. 8 ("[A] lawyer may properly make a tactical determination of how to run a trial even in the face of his client's incomprehension or even explicit disapproval." (quoting *Brookhart v. Janis,* 384 U.S. 1, 8, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966) (Harlan, J., dissenting in part))). Neither does a conflict of the defendant's own making amount to a constructive denial of the defendant's Sixth Amendment rights. *See Plumlee v. Del Papa,* 465 F.3d 910, 923 (9th Cir.2006) (citing *Schell,* 218 F.3d at 1026); *Brown v. Craven,* 424 F.2d 1166, 1170 (9th Cir.1970).

While Lemelle's relationship with counsel was undoubtedly strained, it did not rise to the level of an irreconcilable conflict requiring substitution of counsel. Lemelle presents no evidence to explain the source of his strained relationship with counsel and any communication breakdown appears to have been the result of Lemelle's contumacy and/or tactical disagreements, and not based on an objectively reasonable belief of attorney betrayal. *Cf. Plumlee,* 465 F.3d at 921–24.

Accordingly, in light of the available record and because it applied the correct legal standard in reviewing the trial court's rulings, the decision of the California Court of Appeal was not contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of facts. 28 U.S.C. § 2254(d).

**AFFIRMED.**