### Larry M. WHITTAKER, Petitioner–Appellant,

v.

### E.K. MCDANIEL, Warden; Frankie Sue Del Papa, Respondents–Appellees.

### No. 07–15652.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2008.

Filed March 3, 2008.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Lori C. Teicher, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

David K. Neidert, Esq., Office of the Nevada Attorney General, Reno, NV, for Respondents–Appellees.

Before: THOMAS and BYBEE, Circuit Judges, and BLOCK,* District Judge.

## MEMORANDUM**

Larry M. Whittaker appeals the district court's judgment denying his petition for a writ of *habeas corpus*. The district court issued a certificate of appealability ("COA") on three issues: (1) whether, un-der *Russell v. Rolfs*, 893 F.2d 1033 (9th Cir.1990), the State of Nevada was judicially estopped from asserting Whittaker's procedural default in state court as a basis for denying federal *habeas* relief on numerous claims; (2) whether Whittaker's defense counsel provided ineffective assistance by failing to advise Whittaker of an "irreconcilable conflict"; and (3) whether Whittaker was competent to plead guilty. We have jurisdiction, *see* 28 U.S.C. § 2253, and affirm.

### I.

With respect to the procedurally barred claims, the district court correctly distinguished *Russell* on the ground that the state made no representation that Whittaker had an adequate and available remedy in state court. *See Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir.1998) ("*Russell* ... is readily distinguished from the present case because here, the State never argued that Ortiz had an 'adequate and available' state remedy, or even that he would receive a state hearing on the merits of his claims."). Accordingly, the state was not estopped from asserting Whittaker's undisputed and unexcused procedural default.

### II.

Whittaker's petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal *habeas* relief on a claim rejected on the merits by a state court may be granted only if the state court's decision "was contrary to, or ... an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

---

\* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(2).

## A. Irreconcilable Conflict

In his state *habeas* petition, Whittaker argued that his defense counsel was "prejudic[ed] against [him] because of the nature of the offenses [he] was charged with," and that "there was an actual conflict of interest involved." Citing *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), the state court held that there was no evidence of an actual conflict of interest and denied the claim.

We recently summarized the governing Supreme Court precedent as follows: "The Supreme Court has held that a defendant is constitutionally entitled to a lawyer who is free of conflicts of interest and who can act as a loyal advocate[.]" *Plumlee v. Masto*, 512 F.3d 1204, 1211 (9th Cir.2008) (en banc). With respect to the first right, a conflict of interest refers to "an incompatibility between the interests of two of a lawyer's clients, or between the lawyer's own private interest and those of the client," *id.* at 1210; with respect to the second, the standard is whether counsel " 'function[s] in the active role of an advocate.' " *Id.* at 1211 (quoting *Entsminger v. Iowa*, 386 U.S. 748, 751, 87 S.Ct. 1402, 18 L.Ed.2d 501 (1967)) (alteration in *Plumlee* ).

The state court did not act contrary to, or unreasonably apply, Supreme Court precedent in concluding that Whittaker failed to make out an actual conflict of interest claim. As it correctly observed, there was no evidence that Whittaker's counsel was operating under such a conflict.

Fairly read, however, Whittaker's state *habeas* petition also raised a claim that

defense counsel's alleged prejudice against his client caused him not to act as a loyal advocate. "[W]hen it is clear that a state court has not reached the merits of a properly raised issue, we must review it de novo." *Pirtle v. Morgan*, 313 F.3d 1160, 1168 (9th Cir.2002). Despite this more generous standard of review, we find Whittaker's claim to be without merit. The record does not reflect that defense counsel ever ceased to function as an active advocate.

## B. Competency

To be competent to plead guilty, a defendant must have " 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and ... 'a rational as well as factual understanding of the proceedings against him.' " *Godinez v. Moran*, 509 U.S. 389, 396, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993) (quoting *Dusky v. United States*, 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam)). Whittaker argues that he did not meet this standard because, at the time of his plea, he was taking medication to treat depression and was sleep deprived.

Addressing this claim, the state court concluded that "[t]here is no indication in the plea canvass or anywhere else in the record that the Defendant did not understand his action when entering his plea of guilty or that he was under the influence of any medication." It then held that Whittaker's "naked assertion that medication he might have been taking prevented him from entering a knowing and intelligent plea" was insufficient to meet his burden of "demonstrating that his appreciation of the events during conviction proceedings was diminished."

Whittaker does not dispute that he did not offer any evidence to support his claim

of incompetency in state court. Instead, he argues that the state court's decision is not entitled to the usual AEDPA deference because the state court failed to conduct an evidentiary hearing on his claim; to support this contention, Whittaker submitted to the district court medical records reflecting that he was taking Sinequan, an antidepressant, and complained on several occasions of difficulty sleeping. He asks that we remand for an evidentiary hearing on his competency.

Even before AEDPA's enactment, we recognized that conclusory allegations unsupported by any offer of proof do not entitle a *habeas* petitioner to an evidentiary hearing. *See, e.g., Coleman v. McCormick,* 874 F.2d 1280, 1284–85 (9th Cir. 1989) (en banc). Even with the new evidence submitted to the district court, Whittaker is not entitled to an evidentiary hearing because he has made no specific allegations and offered no evidence explaining how his medication affected his ability to consult with a lawyer or understanding the plea proceeding. *Cf. Williams v. Woodford,* 384 F.3d 567, 609 (9th Cir.2004) ("The declarations [of mental-health experts] do not describe how Williams's probable mental impairment interfered with his understanding of the proceedings against him or with his ability to assist counsel in presenting a defense.").

**AFFIRMED.**