78,602-02

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 10 2015

Abel Acosta, Clerk

Dec.7,2015

RE: 15,959-B (3719-J)
WR-78,602-02

To: Mr. Abel Acosta
    Clerk
    Court of Criminal Appeals
    P.O. Box 12308, Capitol Station
    Austin, Texas 78711

Dear Mr. Acosta,

   This is to inform the Court that the herewith included  papers have been filed with the Clerk of the convicting court in the above indicated matter. This is a true and correct copy of what was mailed to the Clerk.

   Thank you for your time and attention in this matter. Happy Holidays, with Peace & Blessing.

                                    Respectfully submitted,
                                    Juan Manuel Albarado
                                    CID #01452106
                                    GIB LEWIS UNIT
                                    777 F.M. 3497
                                    Woodville, Tx. 75990

STATE OF TEXAS

V.  ) CAUSE NO. 15,959-B (3719-J)

Juan Manuel Albarado  ) WR-78,602-02

## APPLICANT'S SUPPLEMENT AND AMENDMENT TO
## MEMORANDUM OF LAW PURSUANT TO ART. 11.07

TO THE HONORABLE JUDGES OF SAID COURT:

NOW COMES Juan Manuel Albarado, applicant in the above case, and would pray the Court to accept and consider the following in-conjunction with his "original" (Memorandum of Law), and on the basis of TEX.CONST.ART.5,§5,(c); and T.R.A.P. rule 38.7, and would show the court the following:

I.

In applicant's "original" submission, applicant only presented a breif description of the "arrest" and "void" (process) in complience with (point 17) of the "Writ Application Form". Wherefore, applicant prays the Court will accept and consider the foregoing description of the alleged offense:

"On the early morning hours of May 14, 2005, a 'caravan' of hostile adult males arrived at the scene of the alleged offense and attempted to invade a residence with the specific intent to cause physical harm and serious bodily injury to women and juvenile minors partying at the residence of 2526 So.3rd st. in Abilene, Taylor County, Texas. The group of hostile adult males, including Decedent, Joe Luis Carrion, consisited of a group of convicted felons and ex-cons whose age ranged from mid 20's to early 40's. Larry Prado was amoung the group when Robert Mesa and Rafael "Scoony" Casares pulled up at his house 'looking for a gun'. (R.R.Vol.10;pg.104:11-15; pg.107:10--pg.108:14; pg.5:14; Vol.9;pg.18).

Various accounts describe what happened next. Multiple cars including a Ford Taurus, Toyota Camery, and Buick Regal, arrived around the intersection of So.3rd and Ross st. As the hostile company attempted to invade the residence to cause harm to women and children a fight ensued in the street. Women were beat, kids fled for fear of their lives, shouts for a gun were heard, shots were fired, people scattered and vehicles fled the scene. (R.R.Vol.10;pg.18-19)."

II.

Applicant prays the Court will accept the foregoing legal

argument in-conjunction with the argument submitted in (GROUND 2)

of his Memorandum of Law:

Applicant prays the Court will rule in accordance with it's

1.

ruling in Light, supra(see GROUND 2, Memorandum). When a jurisdictional defect renders a step "void", there is no jurisdiction to proceed with the next step. Accordingly, since applicant, Juan Manuel Albarado, was never properly notified and served with the State's "Original" Petition in Juvenile Court in compliance with the Code, there was no jurisdiction attached to the State's "Amended" Petitions which was heard and ordered upon by Judge Harper. Wherefore, Applicant prays the Court will enter a ruling declaring that there was no jurisdiction attached to Judge Harper's waiver order, voiding proceedings in criminal court. See Ex parte Shields, 550 S.W.2d 670, @ 675,"...when a defect in the conduct of a proceeding is challenged, a collateral attack by HBC may be invoked only where the error renders the proceedings absolutely void".

## III.

Applicant prays the Court will accept the foregoing legal argument in-conjunction with the argument submitted in (GROUND 5) of his Memorandum of Law:

"f) Applicant claims it was error and prejudiced applicant when his trial attorney Mr. Smart failed to challenge the constitutionality of the decision of the petti jury. During the certification hearing the State revealed it's illegal scheme to use illegal evidence at "critical" preliminary proceedings, including "grand jury" proceedings. (See GROUND 3) Memorandum).

The illegal hearsay testimony of Detective Glandon was presented to the Taylor County Grand Jury who returned the indictment in (void) Cause No. 15,959-B.

See CCP Art.20.011; U.S. v. CREWS, supra; BANK OF NOVA SCOTIA, 487 U.S. at 256-57.

Also see CCP Art.38.23; THOMPSON V. STATE, SUPRA, AT 813.

2.

## IV.

Finally, in-conjuction with his argument in (GROUND 6,Memorandum), applicant prays the Court will include the foregoing legal argument and controling authorities under (GROUND 6;a):

Applicant claims it was a violation of his constitutional right to "EQUAL PROTECTION OF THE LAW" for the State to be provided with counsel who was educated and competent in both the feild of juvenile law & criminal law; while applicant was appointed an attorney on appeal who was incompetent in the feild of juvenile law, causing the ommission of meritous and colorable claims in the Juvenile Court process. See Mayo v. Henderson, 13 F.3d 528,at 533.

Also see Evitts v. Lucey, 469 U.S. 387,at 395:

"...It has long been recognized that the right to counsel is the right to effective assistance of counsel."

"...Our decisions in Anders, Entsminger v. Iowa, 386 U.S. 748... and Jones v. Barnes, 463 U.S. 745...all these cases rest on the premise that a state must supply indigent criminal appellants with attorneys who can 'provide specified types of assistance'-- that is, that such appellants have a right to effective assistance of counsel." Id, @ 404. (emphasis added).

## V.

Applicant prays the Court will accept and consider the foregoing in the intrest of justice. See TEX.CONST.ART.5§5,(c).

Applicant was incarcerated at the CONNALLY UNIT prior to and at the time of filing his Application for 11.07 relief. While at the CONNALLY UNIT applicant was "not" being allowed any meaningful access to the unit's Law Library services causing him to have undue difficulty in properly filing and researching the proper authorities. See Cause No. 5:15-cv-00858,(re-filed, pending order).

## PRAYER

WHEREFORE, applicant prays the Court will accept the foregoing to supplement his memorandum of law in the interest of justice.

Respectfully submitted,

Juan Manuel Albarado, 12/7/15
applicant,
CID #01452106
GIB LEWIS UNIT
777 F.M. 3497
3.  Woodville, Tx. 75990

## VERIFICATION

I Juan Manuel Albarado, applicant, have read the foregoing and i do declare under penalty of perjury that the contents of this petition is true and correct to the best of my knowledge and belief.

Executed on this 7th Day of December, 2015,

_____

Juan Manuel Albarado,
Declarant.

4.