J-S36013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLEO RUFFIN | : | |
| | : | |
| Appellant | : | No. 3044 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 19, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002640-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLEO RUFFIN JR. | : | |
| | : | |
| Appellant | : | No. 3045 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 19, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000027-2022

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 30, 2023**

Cleo Ruffin, Jr. appeals from the judgment of sentence of six to twenty-three months of imprisonment, followed by four years of probation, imposed after he pled guilty to failure to comply with sex offender registration requirements and disorderly conduct.  Appellant's counsel, Wana Saadzoi, Esquire, has filed an application to withdraw and a brief pursuant to ***Anders***

*v. California*, 386 U.S. 748 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We deny counsel's petition and order new briefing.

On May 5, 2021, Officer Kenneth Collins of the Darby Borough Police Department received a fax from the Pennsylvania State Police informing him that Appellant had missed the prescribed check-in window required for Megan's Law offenders.[1] Officer Collins responded to Appellant's residence and arrested him for failing to comply with the reporting requirements and for disorderly conduct based on an outstanding warrant.

Appellant pled guilty in both of the above-captioned cases and was sentenced as referenced above. He filed no post-sentence motions. While still represented by counsel, Appellant filed timely *pro se* notices of appeal in both cases. The trial court held a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). At the hearing, the court allowed plea counsel to withdraw and granted Appellant's request to be represented by counsel on appeal. Thereafter, the court appointed Attorney Saadzoi. Both Appellant and the trial court complied with Pa.R.A.P. 1925. We consolidated the cases *sua sponte*.

As noted, Appellant's counsel filed both an ***Anders*** brief and a petition to withdraw as counsel. The following legal principles guide our review:

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious

---

[1] Appellant is subject to lifetime sex offender registration due to his convictions for rape and involuntary deviate sexual intercourse committed in 1997.

examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. . . .

      **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

      If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa.Super. 2007)

(citations omitted). The High Court further detailed counsel's duties as

follows:

      [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

Our examination of counsel's petition to withdraw and **Anders** brief

reveals that counsel has substantially complied with the technical

requirements set forth above.[2]  As required by **Santiago**, counsel provided a summary of the case history, referred to an issue that arguably supports the appeal, stated her conclusion that the appeal is frivolous, and cited case law supporting that conclusion.  **See Anders** brief at 6-22.

The only issue of arguable merit identified by counsel was that Appellant received ineffective assistance of counsel in connection with his guilty pleas. Specifically, Appellant believes his plea counsel was ineffective for failing to file a post-sentence motion to withdraw both of his guilty pleas, which Appellant alleges were not given knowingly, intelligently, and voluntarily.  As counsel correctly observes, our Supreme Court has articulated that, absent specific circumstances not applicable here, claims of ineffective assistance of counsel should not be raised on direct appeal but should rather be deferred to collateral review.  **See Commonwealth v. Holmes**, 79 A.3d 562, 577 (Pa. 2013); **Commonwealth v. Grant**, 813 A.3d 726, 735 (Pa. 2002).  Therefore, raising such a claim in this appeal would be frivolous.  **See Commonwealth v. Tukhi**, 149 A.3d 881, 889 (Pa.Super. 2016) ("Appellant's ineffectiveness claims are frivolous as raised on direct appeal").  Thus, we proceed "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'"  **Commonwealth v.**

---

[2] Appellant did not file a response to counsel's petition.

*Flowers*, 113 A.3d 1246, 1249 (Pa.Super. 2015) (quoting *Santiago*, *supra* at 354 n.5).

Our independent review of the certified record reveals a potential issue of arguable merit, *i.e.*, that Appellant pled guilty to an inoperative criminal offense. Appellant was charged with failure to comply with registration requirements because he did not register with the Pennsylvania State Police as a sexual offender pursuant to 18 Pa.C.S. § 4915.1(a)(1). The Commonwealth eventually dismissed that charge in exchange for Appellant pleading guilty to a different crime, failure to comply with registration of sexual offenders requirements, pursuant to 18 Pa.C.S. § 4915(a)(1). That provision was a part of Megan's Law III, which had been rendered inoperative and replaced by the Sex Offender Registration and Notification Act ("SORNA") since December 20, 2012. Moreover, in 2013, the Pennsylvania Supreme Court handed down its decision in *Commonwealth v. Neiman*, 84 A.3d 603, 615 (Pa. 2013), where it abrogated Megan's Law III as violating the Pennsylvania Constitution's single subject rule.

In *Commonwealth v. Derhammer*, 173 A.3d 723, 728 (Pa. 2017), the appellant was convicted of violating § 4915 after it had been ruled unconstitutional by the High Court. The Supreme Court held that a defendant cannot be convicted of violating § 4915 because that section was based upon the invalidated Megan's Law III. *Id.* Our Supreme Court reasoned that "an offense created by an unconstitutional law is not a crime, and [a] conviction

under it is illegal and void, and cannot be a legal cause of imprisonment." ***Id***. (cleaned up) (internal citations and quotation marks omitted). More recently, in ***Commonwealth v. McIntyre***, 232 A.3d 609, 619 (Pa. 2020) (cleaned up), the High Court held that "Appellant's conviction and sentence cannot stand . . . because his conviction was likewise based on [§] 4915, which . . . must be regarded as void from the time of its enactment." In sum, our Supreme Court held that § 4915 was void and that a conviction for failing to satisfy the reporting requirements pursuant to that provision could not stand. Accordingly, since Appellant pled guilty to an offense under § 4915, it appears that he has a potentially non-frivolous issue that counsel neglected to examine in the ***Anders*** brief.

Thus, we deny Attorney Saadzoi's application to withdraw and instruct counsel to, within thirty days, file either (1) an advocate's brief arguing that Appellant's sentence is illegal and should be vacated, or (2) another application to withdraw and a new ***Anders*** brief explaining why an appeal challenging the legality of Appellant's sentence would be wholly frivolous.[3] The Commonwealth shall have thirty days thereafter to file a response.

Application of Wana Saadzoi, Esquire, to withdraw as counsel is denied. Panel jurisdiction is retained.

---

[3] Counsel should further address the impact of the validity of Appellant's guilty plea to an invalid criminal statute.