NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3581-14T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

RAHEEM A. PAMPLIN, a/k/a
RASHEEM MCAIR, TREMPLIN
PAMPLIN,

 Defendant-Appellant.

_________________________________

 Submitted March 22, 2017 – Decided August 25, 2017

 Before Judges Simonelli and Gooden Brown.

 On appeal from the Superior Court of New
 Jersey, Law Division, Bergen County,
 Indictment No. 08-12-2231.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Suzannah Brown, Designated
 Counsel, on the brief).

 Gurbir S. Grewal, Bergen County Prosecutor,
 attorney for respondent (Elizabeth R. Rebein,
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM
 Defendant appeals from the January 15, 2015 order of the

trial court denying his petition for post-conviction relief (PCR)

without granting an evidentiary hearing. We affirm.

 On September 23, 2009, a Bergen County jury convicted

defendant, in absentia, of second-degree possession of a

controlled dangerous substance with intent to distribute, N.J.S.A.

2C:35-5(a)(1) and -5(b)(2) (count one); second-degree employing a

juvenile in a drug distribution scheme, N.J.S.A. 2C:35-6 (count

two); second-degree possession of a firearm during a drug offense,

N.J.S.A. 2C:39-4.1(a) (count three); and second-degree possession

of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count

four). After merger, pursuant to N.J.S.A. 2C:44-3(a), defendant

was sentenced to an aggregate extended term sentence of thirty-

six years with thirteen-and-one-half-years of parole

ineligibility.

 At trial, the State's proofs established that, along with his

fifteen-year-old nephew, defendant sold fifteen bricks of heroin

to an undercover police officer for $3225. Although there was no

evidence that defendant physically possessed a firearm during the

drug sale, defendant's nephew, who served as the lookout for the

transaction and carried the drugs, had a .45 caliber Hi-Point

automatic handgun in his waistband and was arrested and charged

along with defendant shortly after the transaction. Defendant

 2 A-3581-14T2
gave an incriminating statement to police but denied telling his

nephew to bring the gun or knowing he possessed it.1 After the

defense rested, the trial court denied defendant's motion for a

judgment of acquittal on counts two, three, and four pursuant to

Rule 3:18-1, and submitted the case to the jury.

 Defendant filed a direct appeal, asserting the following

arguments:

 POINT I

 THE STATE'S EVIDENCE WAS INSUFFICIENT TO PROVE
 POSSESSION OF THE WEAPON BY DEFENDANT. U.S.
 CONST. AMEND. XIV; N.J. CONST. ART. I, ¶ 1.

 POINT II

 DEFENDANT'S SENTENCE WAS EXCESSIVE. U.S.
 CONST. AMENDS. VIII, XIV; N.J. CONST. ART I,
 ¶¶ 1, 12.

We incorporate by reference the detailed recitation of the facts

of the case contained in our unpublished opinion. State v.

Pamplin, No. A-1008-10 (App. Div. Sept. 4, 2012). Finding that

"there was sufficient evidence for the jury to conclude that

defendant constructively possessed the handgun kept in his

nephew's waistband[,]" we affirmed the convictions but remanded

1
 Defendant's statement was ruled admissible at trial by the court
pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16
L. Ed. 2d 694 (1966) following a pre-trial hearing. See N.J.R.E.
104(c).

 3 A-3581-14T2
"for resentencing based on three errors." Pamplin, supra, slip

op. at 5, 10.2 The aggregate twenty-seven-year term of

imprisonment with thirteen-and-a-half-years of parole

ineligibility imposed at the resentencing hearing conducted on

October 12, 2012, was considered on our Excessive Sentence Oral

Argument calendar, Rule 2:9-11, and affirmed by order filed August

29, 2013.3

 Defendant filed a timely pro se petition for PCR alleging

that his trial counsel was ineffective for failing "to move to

[c]onsolidate Bergen [County] charges with Essex [County] matters

resulting in a higher aggregate sentence and extended term."

Assigned PCR counsel filed a brief on defendant's behalf arguing

that: (1) trial counsel was ineffective for failing to call his

juvenile codefendant, who pled guilty to a weapons possession

offense, as a witness at defendant's trial to testify that he,

rather than defendant, was in possession of the handgun; and (2)

2
 Specifically, we remanded for a statement of reasons to support
the imposition of a consecutive sentence on count two, the
imposition of a mandatory period of parole ineligibility on count
two as required under N.J.S.A. 2C:35-6, and the removal of
aggravating factor eleven, N.J.S.A. 2C:44-1(a)(11), which is
inapplicable when a defendant faces a presumption of
incarceration. Pamplin, supra, slip op. at 10-12.
3
 With the consent of the parties, we remanded for the removal of
monetary penalties erroneously imposed on count four, which had
been merged into count three. The judgment of conviction was
corrected by the court on October 8, 2013.

 4 A-3581-14T2
trial and appellate counsel were ineffective for failing to

challenge the absence of evidence to support the weapons possession

offenses. In support of the former claim, PCR counsel submitted

defendant's undated certification as well as defendant's nephew's

purported notarized statement, both asserting that defendant had

no knowledge of the gun or his nephew's intention to use it.

 In an oral decision, the PCR court rejected all of defendant's

arguments. Preliminarily, the court acknowledged it "did read not

only counsel's submissions, but . . . [defendant's] also."

Additionally, the court noted that it did "take into consideration

[defendant's] submissions[.]" The court then concluded that

defendant failed to establish either the deficiency or the

prejudice prong of Strickland v. Washington, 466 U.S. 668, 694,

104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674, 698 (1984) to warrant PCR

relief or an evidentiary hearing.

 Regarding defendant's contention that his attorney was

ineffective for failing to call his nephew as a witness at trial,

the court determined that

 defendant was not present at the trial to
 discuss any strategy with his attorney. His
 attorney made a strategic decision based upon
 information that he had in front of him and
 decided that it would be in the defendant's
 best interest not to have . . . the codefendant
 called at the trial.

 . . . .

 5 A-3581-14T2
 Had he been called . . . I don't see how his
 testimony would have made a difference.

Regarding defendant's contention that his attorneys were

ineffective for failing to challenge the absence of evidence to

support the weapons possession offenses, the court determined that

 on the basis of the trial record[,] . . .
 there was enough evidence for the issue of
 constructive possession to go to the jury.
 Therefore, even if there was a failure to make
 a Reyes4 motion, that motion would have been
 denied. Therefore, I am denying the PCR in
 its entirety.5

The PCR court entered a memorializing order on January 15, 2015,

and this appeal followed.

 On appeal, defendant raises the following arguments for our

consideration:

 POINT I

 THE MATTER SHOULD BE REMANDED FOR A NEW PCR
 HEARING AND THE ASSIGNMENT OF NEW PCR COUNSEL
 BECAUSE R. 3:22-6(d) WAS VIOLATED.

 POINT II

 THE LOWER COURT ERRED IN DENYING [DEFENDANT'S]
 CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE FOR

4
 State v. Reyes, 50 N.J. 454 (1967).
5
 Because the court mistakenly believed that trial counsel had
failed to file a Reyes motion and mistakenly noted that defendant
had only appealed his sentence, rather than his convictions, the
court failed to invoke the procedural bar. See R. 3:22-5 (barring
claims previously adjudicated on the merits in the proceedings
resulting in the conviction or in a direct appeal).

 6 A-3581-14T2
 FAILING TO CALL THE JUVENILE CO-DEFENDANT AS
 A WITNESS WITHOUT AN EVIDENTIARY HEARING.

 We review the PCR court's findings of fact under a clear

error standard, and conclusions of law under a de novo standard.

See State v. Harris, 181 N.J. 391, 420-21 (2004), cert. denied,

545 U.S. 1145, 125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005). Where

the PCR court's findings of fact are based on "live witness

testimony" we review such findings to determine whether they are

supported by sufficient credible evidence in the record. State

v. Nash, 212 N.J. 518, 540 (2013). However, where, as in this

case, "no evidentiary hearing has been held, we 'may exercise de

novo review over the factual inferences drawn from the documentary

record by the [PCR judge].'" State v. Reevey, 417 N.J. Super.

134, 146-47 (App. Div. 2010) (quoting Harris, supra, 181 N.J. at

421), certif. denied, 206 N.J. 64 (2011). While "[a]ssessing

[ineffective assistance of counsel] claims involves matters of

fact, . . . the ultimate determination is one of law[.]" Harris,

supra, 181 N.J. at 419.

 On appeal, defendant argues that PCR counsel was ineffective

because he violated Rule 3:22-6(d) by: (1) failing to list,

incorporate by reference or advance defendant's sole claim set

forth in his pro se petition regarding trial counsel's failure to

move to consolidate his Bergen County charges with his pending

 7 A-3581-14T2
Essex County charges; and (2) arguing incorrectly to the PCR court

that trial and appellate counsel failed to challenge the absence

of evidence to support the weapons possession offenses. According

to defendant, PCR counsel's "failure to ensure that [defendant's]

initial [pro se] claim was considered by the PCR court" as well

as his "lack of familiarity with the case" warrants a new PCR

hearing with the assignment of new PCR counsel. Defendant also

argues that the PCR court erred in denying PCR relief without an

evidentiary hearing. Specifically, defendant asserts that he

established a prima facie case of ineffective assistance of counsel

and the court erred in ruling that counsel's failure to call the

juvenile as a witness was reasonable trial strategy and that the

juvenile's testimony would not have altered the outcome. We

disagree.

 The mere raising of a claim for PCR does not entitle the

defendant to an evidentiary hearing. State v. Cummings, 321 N.J.

Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999).

Rather, trial courts should grant evidentiary hearings only if the

defendant has presented a prima facie claim of ineffective

assistance, material issues of disputed fact lie outside the

record, and resolution of the issues necessitate a hearing. R.

3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013), certif.

denied, 228 N.J. 502 (2017). "Rule 3:22-10 recognizes judicial

 8 A-3581-14T2
discretion to conduct such hearings." State v. Preciose, 129 N.J.

451, 462 (1992).

 A PCR court deciding whether to grant an evidentiary hearing

"should view the facts in the light most favorable to a defendant

to determine whether a defendant has established a prima facie

claim." Id. at 463. "To establish a prima facie claim of

ineffective assistance of counsel, a defendant must demonstrate

the reasonable likelihood of succeeding under the test set forth

in [Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L.

Ed. 2d at 698], and United States v. Cronic, 466 U.S. 648, 104 S.

Ct. 2039, 80 L. Ed. 2d 657 (1984), which [our Supreme Court]

adopted in State v. Fritz, 105 N.J. 42, 58 (1987)." Ibid.

 Under the Strickland standard, a defendant must make a two-

part showing. A defendant must show that trial counsel's

performance was both deficient and prejudicial. State v. Martini,

160 N.J. 248, 264 (1999). The performance of counsel is

"deficient" if it falls "below an objective standard of

reasonableness" measured by "prevailing professional norms."

Strickland, supra, 466 U.S. at 687-88, 104 S. Ct. at 2064-65, 80

L. Ed. 2d at 693-94. This standard of "reasonable competence[,]"

Fritz, supra, 105 N.J. at 60, "does not require the best of

attorneys," State v. Davis, 116 N.J. 341, 351 (1989), and the

defendant must overcome a "strong presumption that counsel

 9 A-3581-14T2
rendered reasonable professional assistance." State v. Parker,

212 N.J. 269, 279 (2012) (citing Strickland, supra, 466 U.S. at

689, 104 S. Ct. at 2065, 80 L. Ed. 2d at 694).

 "[A] defendant must also establish that the ineffectiveness

of his attorney prejudiced his defense. 'The defendant must show

that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have

been different.'" Parker, supra, 212 N.J. at 279-80 (quoting

Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed.

2d at 698). "A reasonable probability simply means a probability

sufficient to undermine confidence in the outcome of the

proceeding." State v. O'Neil, 219 N.J. 598, 611 (2014) (citation

omitted).

 "'Unless a defendant makes both showings, it cannot be said

that the conviction . . . resulted from a breakdown in the

adversary process that renders the result unreliable.'" Fritz,

supra, 105 N.J. at 52 (quoting Strickland, supra, 466 U.S. at 687,

104 S. Ct. at 2064, 80 L. Ed. 2d at 693). Defendant bears the

burden of proving both prongs of an ineffective assistance of

counsel claim by a preponderance of the evidence. State v. Gaitan,

209 N.J. 339, 350 (2012), cert. denied, 568 U.S. 1192, 133 S. Ct.

1454, 185 L. Ed. 2d 361 (2013). "These standards apply to claims

of ineffective assistance at both the trial level and on appeal."

 10 A-3581-14T2
State v. Guzman, 313 N.J. Super. 363, 374 (App. Div.) (citing

State v. Morrison, 215 N.J. Super. 540, 545-46 (App. Div.), certif.

denied, 107 N.J. 642 (1987)), certif. denied, 156 N.J. 424 (1988).

 We first address defendant's contention that the court erred

in ruling that counsel's failure to call the juvenile as a witness

was reasonable trial strategy and that the juvenile's testimony

would not have altered the outcome. When a defendant asserts that

his attorney failed to call an exculpatory witness, "he must assert

the facts that would have been revealed, 'supported by affidavits

or certifications based upon the personal knowledge of the affiant

or the person making the certification.'" State v. Petrozelli,

351 N.J. Super. 14, 23 (App. Div. 2002) (quoting Cummings, supra,

321 N.J. Super. at 170). See also R. 3:22-10(c).

 One of the most difficult strategic decisions that any trial

attorney confronts is "[d]etermining which witnesses to call to

the stand[.]" State v. Arthur, 184 N.J. 307, 320 (2005).

 A trial attorney must consider what testimony
 a witness can be expected to give, whether the
 witness's testimony will be subject to
 effective impeachment by prior inconsistent
 statements or other means, whether the witness
 is likely to contradict the testimony of other
 witnesses the attorney intends to present and
 thereby undermine their credibility, whether
 the trier of fact is likely to find the witness
 credible, and a variety of other tangible and
 intangible factors.

 [Id. at 320-21.]

 11 A-3581-14T2
Therefore, like other aspects of trial representation, a defense

attorney's decision concerning which witnesses to call to the

stand is "an art," and a court's review of such a decision should

be "highly deferential." Strickland, supra, 466 U.S. at 689, 693,

104 S. Ct. at 2065, 2067, 80 L. Ed. 2d at 694, 697.

 Here, we agree that trial counsel's failure to call the

juvenile as a witness was a strategic decision that was entitled

to highly deferential review by the PCR court, a standard to which

the PCR court abided in rejecting defendant's ineffectiveness

claim. Even assuming trial counsel was deficient in failing to

call the juvenile witness, we are unable to find prejudice to the

defense such that there is a "reasonable probability" the outcome

of defendant's trial would have been different, or "the factfinder

would have had a reasonable doubt respecting guilt." Strickland,

supra, 466 U.S. at 695, 104 S. Ct. at 2068-69, 80 L. Ed. 2d at

698.

 In making a prejudice finding, we consider "the totality of

the evidence before the judge or jury" and "a verdict or conclusion

only weakly supported by the record is more likely to have been

affected by errors than one with overwhelming record support."

Id. at 695-96, 104 S. Ct. at 2069, 80 L. Ed. 2d at 698-99. Here,

the verdict had overwhelming support in the trial record.

 12 A-3581-14T2
Defendant's statement denying any knowledge of the gun was

presented to the jury and was categorically rejected. Assuming

the juvenile was available and testified consistent with his

purported notarized statement, there is no "reasonable

probability" the outcome of defendant's trial would have been

different given the number of areas available for effective

impeachment of the juvenile's testimony. See State v. Pierre, 223

N.J. 560 (2015) (concluding that defendant's attorney was

deficient in failing to present evidence, including the testimony

of absent witnesses that could have reinforced defendant's alibi,

and defendant was prejudiced because there was sparse evidence

implicating him in the crimes). Accordingly, defendant failed to

establish a prima facie case of ineffective assistance of counsel.

 Next, we turn to defendant's argument that his PCR counsel

was ineffective because he violated Rule 3:22-6(d). "Rule 3:22-

6(d) imposes an independent standard of professional conduct upon

an attorney representing a defendant in a PCR proceeding." State

v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010). Rule 3:22-

6(d) provides that assigned counsel

 should advance all of the legitimate arguments
 requested by the defendant that the record
 will support. If defendant insists upon the
 assertion of any grounds for relief that
 counsel deems to be without merit, counsel
 shall list such claims in the petition or
 amended petition or incorporate them by

 13 A-3581-14T2
 reference. Pro se briefs can also be
 submitted.

 In State v. Rue, 175 N.J. 1 (2002), our Supreme Court

pointedly noted that "PCR is a defendant's last chance to raise

constitutional error that may have affected the reliability of his

or her criminal conviction. It is not a pro forma ritual." Id.

at 18. The Court reversed "[b]ecause Rue's counsel abandoned any

notion of partisan representation by countering every one of

[Rue's] claims and characterizing the entire petition as

meritless[.]" Id. at 19. Specifically, Rue's PCR counsel first

pointed out that he "believe[d] the client's claims [were] legally

meritless[.]" Id. at 8. He then "systematically dismantled each

contention" Rue raised, "rejected outright the availability" of

Rue's defense, and proved that Rue's potential witnesses had

"'significant credibility problem[s].'" Id. at 9-13.

 Relying on Rule 3:22-6, the Court held that

 [PCR] counsel must advance the claims the
 client desires to forward in a petition and
 brief and make the best available arguments
 in support of them. Thereafter, as in any
 case in which a brief is filed, counsel may
 choose to stand on it at the hearing, and is
 not required to further engage in expository
 argument. In no event however, is counsel
 empowered to denigrate or dismiss the client's
 claims, to negatively evaluate them, or to
 render aid and support to the [S]tate's
 opposition. That kind of conduct contravenes
 our PCR rule.

 14 A-3581-14T2
 [Id. at 19.]

We will assume the proscription in Rue survived the 2009 amendment

of Rule 3:22-6(d).6

 In State v. Webster, 187 N.J. 254 (2006), certif. denied, 200

N.J. 475 (2009), the Court refined Rue, stating

 Reduced to its essence, Rue provides that PCR
 counsel must communicate with the client,
 investigate the claims urged by the client,
 and determine whether there are additional
 claims that should be brought forward.
 Thereafter, counsel should advance all of the
 legitimate arguments that the record will
 support. If after investigation counsel can
 formulate no fair legal argument in support
 of a particular claim raised by defendant, no
 argument need be made on that point. Stated
 differently, the brief must advance the
 arguments that can be made in support of the
 petition and include defendant's remaining
 claims, either by listing them or
 incorporating them by reference so that the
 judge may consider them.

 [Webster, supra, 187 N.J. at 257.]

 This case bears no resemblance to Rue and complies with the

dictates of Webster. Here, at oral argument, the PCR court

acknowledged that it reviewed and considered counsel's submission

as well as defendant's. When the court asked whether PCR counsel

wished to "supplement" or "add any[thing]" to the "papers," PCR

6
 Before 2009, Rule 3:22-6(d) provided that PCR "'counsel should
advance any grounds insisted upon by defendant notwithstanding
that counsel deems them without merit.'" Rue, supra, 175 N.J. at
13 (quoting Rule 3:22-6(d)(1995)).

 15 A-3581-14T2
counsel replied "I don't have to. I know the [c]ourt is aware of

the arguments, so there's no need." That was sufficient to comply

with Rule 3:22-6(d). The court's denial of defendant's PCR

petition implicitly incorporated the court's rejection of

defendant's contention in his pro se submission that his attorney

was ineffective for failing to consolidate the Bergen and Essex

County charges.7 PCR counsel was still "function[ing] as an

advocate for the defendant, as opposed to a friend of the court."

State v. Barlow, 419 N.J. Super. 527, 536 (App. Div. 2011)

(citation omitted).

 We do acknowledge as defendant points out that PCR counsel

incorrectly asserted that trial and appellate counsel failed to

challenge the absence of evidence to support the weapons possession

offenses. However, "[t]he test is not whether defense counsel

could have done better, but whether he met the constitutional

threshold for effectiveness." Nash, supra, 212 N.J. at 543.

Moreover, defendant cannot show a reasonable probability that the

result of the PCR hearing would have been different had PCR counsel

7
 We note that Rule 3:25A-1 contemplates consolidation of charges
pending in different counties on motion to the presiding judge or
his or her designee "for consolidation for purposes of entering a
plea or for sentencing." Under the Rule, the judge is required
to consider several factors in adjudicating such a motion. Because
defendant was tried by a jury in absentia, it does not appear that
defendant could have availed himself of such a motion.

 16 A-3581-14T2
argued differently. Indeed, defendant does not identify any

arguably meritorious claim that PCR counsel failed to advance on

defendant's behalf.

 Affirmed.

 17 A-3581-14T2