**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3339-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHANG K. YOUNG, a/k/a
DAVID M. BROWN,

    Defendant-Appellant.

_____

Submitted February 13, 2024 – Decided March 5, 2024

Before Judges Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 19-07-1573.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Thomas Patrick Belsky, Assistant Deputy Public Defender, of counsel and on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Kaili Elizabeth Matthews, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Chang K. Young appeals from a March 21, 2022 order granting the State's motion to declare him ineligible to participate in Recovery Court. We affirm.

We recite the facts from various proceedings before the trial court. Defendant assaulted a seventy-two-year-old woman in an Atlantic City casino during the early morning hours on April 28, 2019. While the victim sat alone playing a slot machine, defendant attacked the victim and stole her voucher winnings.

According to the victim, defendant assaulted her from behind and threatened to kill her if she screamed. When the victim screamed for help, defendant threw her to the ground, causing the victim to hit her head on a chair. As a result of the assault and robbery, the victim sustained multiple injuries, including a facial laceration above her right eye, permanent facial scarring, and vision and hearing loss. At the time of trial, the victim continued to suffer headaches and vision and hearing loss.

A grand jury indicted defendant on July 24, 2019, charging him with first-degree robbery, N.J.S.A. 2C:15-1(a)(1). In March 2020, defendant pleaded guilty to a downgraded count of second-degree robbery. Under the terms of the plea agreement, the State agreed to recommend a five-year prison term subject

2

to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.  On the plea forms, defendant reserved the right to apply to Recovery Court and the State noted that it would object to any Recovery Court application.

At the March 5, 2020 plea hearing, defendant provided the factual basis for his plea.  Initially, defendant stated his satisfaction with both the plea and his plea counsel.  The judge made clear that if the court accepted defendant's guilty plea, defendant would not "be allowed to take [the] plea back and the case [would] proceed to sentencing at a future date."  At that point, defendant asked the judge to explain.

The judge stated defendant faced a maximum sentence of ten years in prison on the second-degree offense, but the State recommended a five-year term.  The judge explained defendant could make an application to Recovery Court and the State intended to object to any such application.  The judge told defendant the following:

> The application [would] be heard by the drug court judge, who [would] then make a fair determination in accordance with the law.
> If the drug court judge determines that you are eligible and would benefit from substance [abuse] treatment, then you'll be enrolled in drug court and the five-year prison sentence would be the alternative sentence to carry along with you if you're not successful in drug court.

A-3339-21

> If you're successful in drug court, ultimately you would be placed on probation and all these charges would be resolved by that way.
> Now do you understand all that, sir?

Because defendant hedged regarding the plea after the judge provided this explanation, the judge instructed defendant to speak with his attorney. Defendant then spoke to his attorney.

After speaking with counsel, defendant told the judge he did not agree with the stipulation to a NERA sentence. The judge replied he lacked discretion regarding the NERA component of the sentence, and defendant could still choose to go to trial.

After some additional colloquy with the judge, defendant expressed his displeasure that the State could object to his Recovery Court application. The judge found defendant's reticence indicated defendant was not prepared to enter a knowing and voluntary plea. As a result, the judge rejected the plea and set the case for trial on March 30, 2020.

Before leaving the courtroom, defendant asked the judge a few additional questions related to the State's ability to oppose his application to Recovery Court. The judge further explained that the State did "not have the ability to deny [defendant's] application for drug court," but the State could object and make arguments in opposition to the application. The judge emphasized the

A-3339-21

Recovery Court judge, in the exercise of the judge's discretion, would make the decision on any Recovery Court application. Based on the judge's follow-up discussion, defendant agreed to proceed with the plea as negotiated.

As part of the factual basis for the plea, defendant admitted using force or causing bodily injury to the casino victim. The judge then found defendant entered the plea knowingly and voluntarily.

In January 2022, defendant applied to Recovery Court.[1] Consistent with the State's position during the plea hearing, the State "vociferously" opposed the application. The State filed a motion to declare defendant legally ineligible for Recovery Court because he posed a danger to the community. In a March 21, 2022 written decision, the Recovery Court judge denied defendant's application and granted the State's motion. The Recovery Court judge found:

> [T]he resources of [R]ecovery [C]ourt are inadequate to safeguard the community as to this defendant. Defendant committed a violent and unprovoked attack[] on a [seventy-two]-year-old woman to steal her casino voucher while she was engaged in a slot machine. Defendant purportedly threw the elderly woman to the ground, struck . . . her multiple times, and

---

[1] The delay in defendant's application to Recovery Court was likely attributable to defendant's erroneous release from pretrial detention as part of the jail facility's COVID-19 emergency release plan. Twenty-one months later, in December 2021, defendant returned to custody.

A-3339-21

fled the scene . . . while she lay bleeding from the lacerations he inflicted. . . .

[The v]ictim [] continues to struggle with her residual injuries. . . .

Defendant has a moderate criminal history, including mostly . . . municipal matters and ordinance violations, but defendant clearly has a propensity for violence.

He further found defendant's "propensity for violence" presented a "danger to the community" and thus declared defendant ineligible for Recovery Court. Defendant moved for reconsideration, which the Recovery Court judge denied.

At the June 9, 2022 sentencing hearing, during defendant's allocution, defendant stated he "never had a clear understanding of what the plea bargain was." The judge rejected this claim, finding it contrary to statements made by defendant under oath during the plea hearing.

Further, the judge found defendant not credible regarding his lack of understanding of the plea. The judge stated defendant "either lied to the judge [at the plea hearing] or lied to the judge [at the sentencing hearing]." Although defendant stated he wanted to retract his plea, his sentencing attorney was not in a position to present a motion to withdraw the plea because defendant never discussed the issue with counsel and did not raise the issue until midway through the sentencing hearing. The judge concluded defendant's statements that he did

6

not understand the plea were raised only after the denial of his Recovery Court application. The judge then sentenced defendant to the recommended five-year jail term subject to NERA.

On appeal, defendant raises the following arguments:

POINT I

REMAND IS NECESSARY BECAUSE [DEFENDANT] WAS DEPRIVED [OF] HIS CONSTITUTIONAL RIGHT TO COUNSEL TO ASSIST HIM WITH HIS ATTEMPT TO RAISE A MOTION TO WITHDRAW HIS GUILTY PLEA BEFORE SENTENCING.

POINT II

[DEFENDANT] WAS ERRONEOUSLY DENIED ADMISSION INTO RECOVERY COURT BECAUSE THE TRIAL COURT'S DECISION REJECTING HIM IMPROPERLY: 1) RELIED ON ALLEGED FACTS TO WHICH [DEFENDANT] DID NOT PLEAD GUILTY; AND 2) RELIED ON OTHER FINDINGS OF FACT THAT WERE NOT SUPPORTED BY THE RECORD.

We first consider defendant's argument he is entitled to a remand because his sentencing attorney failed to assist in the request to withdraw his guilty plea prior to the judge imposing his sentence. We reject defendant's argument.

We review a trial judge's decision on a motion to withdraw a guilty plea for abuse of discretion. State v. O'Donnell, 435 N.J. Super. 351, 372 (App. Div.

7

2014). Where there is a motion to withdraw a guilty plea, the trial court must consider the four factors established in State v. Slater, 198 N.J. 145, 157-58 (2009).

Here, there was no motion to withdraw defendant's guilty plea. Because defendant never raised the issue with his attorney prior to appearing at the June 9, 2022 sentencing hearing, defense counsel had no opportunity to prepare such a motion on defendant's behalf. Defense counsel only learned about defendant's request to withdraw his guilty plea midway through the sentencing hearing, during defendant's allocution statement to the judge.

Although defendant did not file a motion prior to the sentencing hearing, nothing precludes defendant's filing a formal motion to withdraw his guilty plea consistent with Rule 3:21-1. Moreover, defendant's claim that his sentencing attorney failed "to pursue a plea withdrawal motion on [his] behalf" is premature and best addressed through a petition for post-conviction relief. See State v. Preciose, 129 N.J. 451, 460-61 (1992).

Defendant erroneously relies on State v. Hayes, 205 N.J. 522 (2011), and State v. Barlow, 419 N.J. Super. 527 (App. Div. 2011), in support of his arguments. The facts in these cases are distinguishable from the facts in defendant's matter.

The <u>Hayes</u> case involved a request to adjourn a sentencing hearing so the defendant could secure new, conflict-free counsel to file a motion to withdraw his guilty pleas. 205 N.J. at 536. The defendant's attorney told the court he could not ethically pursue a plea withdrawal motion based on a claim of ineffective assistance of counsel. <u>Ibid.</u> The sentencing judge denied the defense counsel's request to adjourn the sentencing hearing. <u>Ibid.</u> Our Supreme Court held the sentencing judge's denial of the defendant's request to adjourn the sentencing hearing to retain uncompromised counsel to file a motion to withdraw the guilty pleas was not harmless error. <u>Id.</u> at 540.

In <u>Barlow</u>, the defendant sent a letter to his attorney one week after the plea hearing, requesting withdrawal of the guilty plea. 419 N.J. Super. at 531. When counsel did not file a motion, the defendant wrote to the judge, requesting the guilty plea be vacated. <u>Ibid.</u> Based on the defendant's written request, the judge treated the defendant's letter as a motion. <u>Ibid.</u> At the sentencing hearing in <u>Barlow</u>, the defense counsel disputed the defendant's basis for seeking to withdraw the guilty plea. <u>Id.</u> at 531-32. Based on the dispute between the attorney and the defendant as to the reasons for withdrawal of the guilty plea, we remanded for the assignment of new counsel and a new judge to consider

9 <span>A-3339-21</span>

whether, in the interest of justice, the defendant should be permitted to withdraw his guilty plea. Id. at 538.

Here, defendant's attorney at the sentencing hearing was the same attorney who represented defendant at the plea hearing. At no time before the plea hearing, during the plea hearing, or prior to the sentencing hearing did defendant seek to withdraw his guilty plea. Despite ample opportunity to raise the issue, defendant first requested "retract[ion]" of his guilty plea in the middle of the sentencing hearing. Based on these facts, we discern no deprivation of defendant's constitutional right to have counsel assist with the filing of a motion to withdraw the guilty plea.

We next consider defendant's argument the Recovery Court judge erred in declaring him ineligible for Recovery Court. Defendant asserts he never admitted during the plea hearing to causing the victim to suffer serious bodily injury or threatening to kill the victim. As a result, defendant claims the facts relied upon by the Recovery Court judge in deeming him ineligible for Recovery Court were without basis. We disagree.

We review a judge's decision to admit or deny admission to Recovery Court for abuse of discretion. State v. Harris, 466 N.J. Super. 502, 553 (App. Div. 2021). In determining whether to sentence a defendant to Recovery Court,

a judge must consider the factors under N.J.S.A. 2C:35-14. Specifically, a judge is permitted to consider "all relevant circumstances" when deciding the sentence to be imposed, including a defendant's presentence report under N.J.S.A. 2C:35-14(a).[2]

Here, the presentence report contained a letter from the victim, describing defendant's attack and her significant injuries as a result of the assault. The report also included surveillance video from the casino where the attack occurred and showed defendant struggling with the victim and throwing the victim to the ground. The presentence report also provided a history of defendant's prior criminal activities.

We discern no abuse of discretion in the Recovery Court judge's reliance on defendant's presentence report in determining whether he was eligible for Recovery Court. Based on the presentence report, the Recovery Court judge had sufficient credible evidence in the record supporting his determination that defendant was ineligible for Recovery Court.

---

[2] In fact, the Recovery Court Manual expressly allows judges to consider all available "sources of criminal information history," including "[p]re-sentence investigation reports." Admin. Off. of the Cts., New Jersey Statewide Recovery Court Manual at 9 (Jan. 2022).

Additionally, during the plea hearing, the judge specifically asked defendant the following:  "[D]uring the course of committing a theft, did you use force or commit bodily injury upon [the victim]?"  Under oath, defendant responded, "Yeah."

Based on the foregoing, we are satisfied the Recovery Court judge relied on appropriate facts supported by the record to reject defendant's admission to Recovery Court.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3339-21